O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV13-0091 DOC (ANx)                              Date: July 1, 2013

Title: WILLIAM A. KENT v. MICROSOFT CORPORATION, et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CAUSES OF ACTION FOR BREACH OF CONTRACT, FRAUD, AND INTENTIONAL TORT**

Before the Court is Defendant Microsoft Corporation's ("Defendant's") Motion to Dismiss (the "Motion") (Dkt. 4).  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving, opposing, and replying papers, the Court GRANTS the Motion to Dismiss Plaintiff William Kent's causes of action for (1) Breach of Contract, (2) Fraud, and (3) "Intentional Tort."

**I.      Background**

The Court describes the facts as alleged in Plaintiff's Complaint.  On November 18, 2012, Plaintiff telephoned Microsoft IT support services (the "services") seeking repairs for his self-described "sluggish and slow" Microsoft Windows 7 operating system.  Not. Of Removal (Dkt. 1) Ex. 1, Attachment 1 [hereinafter "Compl."] at 1.[1]

---

[1] Plaintiff attaches identical copies of a narrative to his Complaint at pages 4-6, 9-11, 13-15, and 17-19 to provide a more thorough explanation of the claims identified in the form complaint.  This attachment will be referred to as "Compl." throughout the remainder of the Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)            Date: July 1, 2013
                                                                                                         Page 2

Although claiming to hold a two-year warranty with Microsoft, Plaintiff paid $99.00 for the services. *Id.* After approximately thirty minutes speaking with Microsoft representative, "Christian," Plaintiff granted Christian's request to remotely enter Plaintiff's computer in order to continue with computer repairs. *Id.* Christian advised Plaintiff that Plaintiff could leave during this process. *Id.* Presumably relying on this advice, Plaintiff left his computer, returning a few hours later. *Id.* Upon return, Plaintiff was told that Christian was unable to fix the computer. *Id.* Plaintiff then received a Case Number, Order Number, and Microsoft IT support telephone number, so that Plaintiff could continue working with Microsoft on his computer issues the following day. *Id.*

      On the morning of November 19, 2012, Plaintiff opened his computer to find, in place of his personal desktop background, a dark screen with only a limited number of "H-P" shortcuts. *Id.* Furthermore, Plaintiff was unable to access his files and folders without inputting an unknown password. *Id.* at 2. The inability to access his computer's documents limited his ability to perform his duties as an attorney. *Id.* In total, the restriction limited Plaintiff's access to almost three gigabytes worth of materials in his computer's files and folders. *Id.* Plaintiff was never informed that such a change to his system would be made, nor did he provide explicit consent for these changes. *Id.* From these facts, Plaintiff deduces that "[e]mployees of MICROSOFT did this dastardly and horrific thing with premeditated knowledge, malice and forethought. The operation had to consist of someone Microsoft person actively selecting all of Plaintiff's files and folders . . . [to then] prevent Plaintiff and others from obtaining access." *Id.*

      Plaintiff continued communicating with Microsoft during the subsequent weeks. *Id.* Plaintiff alleges that during this period, multiple IT representatives promised that they would find the password and resolve the problem. *Id.* On or about December 11, 2012, Microsoft personnel informed Plaintiff that they were unable to resolve his issue, would not provide any additional support, and that he should refrain from continuing to contact them regarding his computer concerns. *Id.* at 3. Plaintiff alleges that as a result of the failure of Microsoft IT service personnel to provide necessary software support, his ability to successfully practice law "was severely hampered and jeopardized." *Id.* Furthermore, Plaintiff asserts that he also has experienced "untold stress and nervous anxiety" as a result of Defendant's actions and omissions. *Id.*

      On December 18, 2012, Plaintiff filed a complaint against Defendant in the Superior Court of the State of California for the County of Orange alleging (1) Breach of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)             Date: July 1, 2013
                                                                              Page 3

Contract, (2) Fraud, (3) "Intentional Tort," and (4) Negligence.  Plaintiff seeks judgment in the amount of $1,000,000, and "other relief as may be just and fair" in law or equity. *Id.*  On January 18, 2013, Defendant filed a Notice of Removal of Action under 28 U.S.C. § 1441(b).  Now, Defendant moves the Court to dismiss Plaintiff's causes of action for (1) Breach of Contract, (2) Fraud, and (3) "Intentional Tort" pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss).  The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, where the facts alleged permit the court to find only "a mere possibility of misconduct," then the complaint has not demonstrated an adequate showing for relief required to survive a motion to dismiss. *Iqbal*, 556 U.S. at 679.  The court is not required to accept as true legal conclusions couched as factual allegations.  *Id.* at 678.  Furthermore, in evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

However, the court has a duty to interpret pro se pleadings liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).  As such, for the purposes of a Rule 12(b)(6) motion to dismiss, the allegations made in *pro se* complaints are held to a less stringent standard.  *See Hughes*, 449 U.S. at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)                                     Date: July 1, 2013
                                                                                                                      Page 4

      Furthermore, dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III.    Discussion

      Plaintiff brings causes of action for (1) Breach of Contract, (2) Fraud, (3) "Intentional Tort," and (4) Negligence against Defendant Microsoft Corporation. Microsoft moves to dismiss the causes of action for (A) Breach of Contract, (B) Fraud, and (C) "Intentional Tort."

### A.    Breach of Contract

      "[T]o state a [valid] claim for breach of contract, the plaintiff must plead: 1) the existence of the contract; 2) plaintiff's performance or excuse for nonperformance of the contract; 3) defendant's breach of the contract; and 4) resulting damages." *Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co.*, 11 Cal. Rptr. 3d 412, 424 n.6 (2004). Furthermore, in California "there is no contract until there has been a meeting of the minds on all material points." *Banner Entm't, Inc. v. Super. Ct. (Alchemy Filmworks, Inc.)*, 62 Cal. App. 4th 348, 357–58 (1998) (emphasis removed). Additionally, "[i]n order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006) (internal citations and quotation marks omitted) (upholding a cause of action for Breach of Contract because the terms of the contract were either pled, or properly inferred from the statutory environment governing the provision of services). Although a breach of contract claim can be derived from "the implied covenant of good faith and fair dealing," a plaintiff must still provide "the purposes and express terms of the contract" in order to demonstrate that the implied covenant has been breached. *Berger v. Home Depot, U.S.A., Inc.*, 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007) (internal citations and quotation marks omitted) (dismissing a breach of contract claim where the plaintiff could not demonstrate any "express terms...on which to hinge an implied duty").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)                    Date: July 1, 2013
                                                  Page 5

    Defendant argues that Plaintiff's cause of action for breach of contract fails to provide enough facts regarding "the terms of the contract, the expected performance by Defendant under the contract, or Defendant's purported breach." Mot. at 5. Plaintiff asserts that he had paid Microsoft $99.00 for the services, and received an "Order No." confirming the service contract between himself and the Defendant. Compl. at 1. Plaintiff also claims that he had a two-year warranty with Microsoft. Compl. at 2. Furthermore, shortly after having initially received assistance from Christian, Plaintiff "further ascertained that all his files and folders had been locked up and could not be opened." *Id.* at 1. Based on the facts alleged, the Court can only know that a service was purchased by the Plaintiff, and that the Plaintiff did not find the service satisfactory.

    Plaintiff provides no information as to what exactly was promised by the Defendant when either the $99.00 computer service agreement was created, or when the warranty was established. Furthermore, unlike *McKell*, in which omissions in the pleading could properly be inferred from the statutory environment existing within the backdrop of the otherwise comprehensive agreement, here, Plaintiff does not provide any of the terms of his alleged contract with Defendant, which could produce a background of duties for the Court to begin an analysis. *See McKell*, 142 Cal. App. 4th at 1489. In addition, the Complaint's omission of any express terms of agreement between the parties makes it impossible to reasonably infer any potential implied duties that Defendant might have had. *See Berger v. Home Depot, U.S.A., Inc.*, 476 F. Supp. 2d at 1177. Based on the facts alleged, since neither the terms of the contract, nor its manner of breach, have been asserted with sufficient detail, the Plaintiff has yet to plead a valid cause of action for breach of contract. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's cause of action for breach of contract.

**B.     Fraud**

Federal Rule of Civil Procedure 9(b) explains that an allegation "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Marolda v. Symantec* Corp., 672 F. Supp. 2d 992, 1001 (N.D. Cal. 2009) (determining that Plaintiff's failure "to plead with particularity how and on what occasion the [false] representation was made and how it was related to the . . . purchase" led to a failure to meet the requirements of Fed. R. Civ. P. 9(b)); *see also Vess v. Ciba–*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)            Date: July 1, 2013
                                                                              Page 6

---

*Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). Merely failing to perform a contract as promised does not lead to an assumption that fraud was used in inducing that contract. *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153-1154 (S.D. Cal. 2001) (dismissing a fraud claim under Rule 9(b) because the complaint "containe[d] no facts (besides the alleged breach of contract) suggesting that . . . [Defendant's] representations were false at the time they were made").

In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

"[I]ntent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672 (explaining that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge, provided that the plaintiff "state[s] the factual basis for . . . [plaintiff's] belief" regarding the other party's mindset). Nevertheless, a complaint must still "set forth facts from which an inference of scienter could be drawn." *Cooper v. Pickett*, 137 F.3d 616, 628 (9th Cir. 1997) (finding allegations of knowledge proper where "plaintiffs allege with sufficient specificity false statements . . . specify the conditions . . . and specify that the investment banks' close relationship . . . gave them access to inside information" so as to give "rise to the inference that the analysts knew their reports were false").

Under California law, a cause of action for fraud requires (1) [a] misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 997 (N.D. Cal. 2009). In *Marolda*, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)                        Date: July 1, 2013
                                                                                                                                     Page 7

---

alleged that she was fraudulently induced into purchasing the Norton 360 computer program upgrade. *Id.* at 1000. Using the Rule 9(b) heightened pleading standard, the court found that her fraud claim failed on a number of grounds, including Plaintiff's inability to demonstrate with particularity that she purchased the product relying on the alleged misrepresentations. *Id.* at 1001. In order to demonstrate the requisite showing of reliance, there must be a causal connection between the fraudulently induced reliance and the harm sustained. *Service by Medallion, Inc. V. Clorox, Co.*, 44 Cal. App. 4th 1807, 1818-1819 (1996) (holding that because damages were caused from events apart from the Plaintiff's reliance on any alleged misrepresentations, the cause of action for fraud could not be sustained).

       Defendant first argues that Plaintiff fails to state sufficient facts concerning any alleged misrepresentations in order to meet the heightened pleading standard under Rule 9(b). The Court agrees. Plaintiff does set forth, in broad terms, the statements made by Defendant which he believes to be false or misleading, as well as why he believes them to be false: "Misrepresentation was clearly made when Microsoft . . . advised Plaintiff that they were going to solve the problem which they did not do." Opp'n at 9. However, Plaintiff fails to state any facts that could demonstrate "with [the] particularity [required] how and on what occasion this [false] representation was made and how it was related to the...purchase" of either the warranty or the IT services. *See Marolda v. Symantec* Corp., 672 F. Supp. 2d at 1001. Expecting a computer repairperson to try to fix your computer is certainly reasonable; however, assuming fraudulent activity merely from the fact that the promise to fix the computer was not fulfilled, without any other set of facts suggesting fraud, does not meet the heightened pleading standard of Fed. R. Civ. P. 9(b). *See Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d at 1153-1154.

       Defendant next argues that Plaintiff fails to provide facts that could support an inference of scienter. Based on the facts presented in the Complaint, Plaintiff asks the Court to assume that, on November 18, 2012, the multinational corporation, Microsoft, and its employees knowingly defrauded him of $99.00 by falsely convincing him that they could fix his "sluggish" operating system and instead intentionally password blocked his computer so that nobody could later gain access to any of his files. Although Fed. R. Civ. P. 9(b) does allow for the Defendant's state of mind to be alleged generally, Plaintiff makes no attempt at describing the basis for his belief that Microsoft knowingly defrauded him. Rather, Plaintiff merely asserts that, because his computer no longer operates at a satisfactory level, it must be the case that "Employees of MICROSOFT did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)            Date: July 1, 2013
                                                                                      Page 8

---

this dastardly and horrific thing with premeditated knowledge, malice, and forethought." Compl. at 2. Such conclusory statements do not provide the level of detail necessary in order to reasonably infer that Defendant had the state of mind required for a finding of fraud. *See Cooper v. Pickett*, 137 F.3d at 628.

       In addition, Plaintiff fails to provide facts sufficient to demonstrate reliance on the allegedly fraudulent misrepresentations made by the Defendant. From the Complaint, it appears that Plaintiff claims he was induced into the $99.00 service agreement, and/or into allowing Microsoft to obtain remote access to his computer. However, without knowing exactly what the alleged fraud entailed, the Court cannot infer any potential reliance on the part of the Plaintiff. Furthermore, much of the Complaint is dedicated to assurances offered by Microsoft employees between November 19, 2012, and December 11, 2012. During this period, Plaintiff had already both entered into the $99.00 service agreement, and had allowed Christian remote access to Plaintiff's computer. The harm that Plaintiff alleges—the inability to access his computer files—already occurred prior to these perceived assurances by Microsoft employees. Therefore, based on the facts in the Complaint, the Plaintiff has not demonstrated any plausible causal connection between his reliance on these alleged misrepresentations, and the harm caused to his computer. *See Service by Medallion, Inc. V. Clorox, Co.*, 44 Cal. App. 4th at 1818-1819; *see also Marolda v. Symantec* Corp., 672 F. Supp. 2d at 1001. To go any further in its analysis, the Court would have to draw inferences not presented by the Plaintiff. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's cause of action for fraud.

       **C.**      **"Intentional Tort"—Conversion or Trespass to Personal Property**

       Assuming wrongful control over property in a manner that is inconsistent or subversive to the interests or rights of another constitutes conversion. *Gruber v. Pacific States Savings & Loan Co.*, 13 Cal. 2d 144, 148-49 (1939). The physical taking of the property is not necessary where an act of dominion over the personal property limits the full property rights of the lawful owner. *Id.* at 149.

       Alternatively, where actions do not constitute "a substantial interference with possession or the right thereto," but do involve the "intermeddling with or use of or damages to the personal property," the property owner may bring a cause of action for trespass to personal property. *Zaslow v. Kroenert*, 29 Cal. 2d 541, 551 (1946). "In order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)                        Date: July 1, 2013
                                                                                                 Page 9

---

to prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff." *eBay, Inc. V. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1069-70 (N.D. Cal. 2000) (finding that the detrimental access of eBay's system, by Bidder's Edge, was impermissible "where the defendant exceed[ed] the scope of...[its] consent." Consent was determined to be exceeded, in part, because eBay explicitly informed Bidder's Edge that its particular manner of access to the eBay site was unauthorized). However, plaintiffs generally may not assert a wrong arising out of an action which they consented to. Cal. Civ. Code § 3515 (West 2013); *French v. Smith Booth Usher Co.*, 56 Cal. App. 2d 23, 27-28 (1942) (holding that consent eliminated an action for conversion, even where the consent was given with no consideration, and the Plaintiff was unaware of alternative courses of action which would have made the consented to action unnecessary); *Churchill v. Baumann*, 95 Cal. 541, 544 (1892).

       Defendant moves to dismiss Plaintiff's cause of action for "Intentional Tort," claiming that "[i]t is not for Microsoft to read the mind of Plaintiff and guess at what tort it is defending against." Reply at 3. In essence, Defendant alleges that no "short and plain statement" concerning a cause for relief has been made. *See* Fed. R. Civ. P. 8(a)(2). Although the Court recognizes the potential for confusion arising from the peculiar structure of the Complaint, Plaintiff clarifies any possible misunderstanding in his Opposition to the Motion to Dismiss. Plaintiff asserts that the intentional torts that he is alleging involve his "property damage." Opp'n at 12. Based on Plaintiff's arguments, the causes of action appear to be conversion, or alternatively, trespass to personal property.[1]

---

[1] Although the Plaintiff does not use the words "conversion" or "trespass to personal property" in the Complaint, "a dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (citations omitted) (internal quotation marks omitted); *See also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Furthermore, as a pro se litigant, the Court has a duty to interpret Plaintiff's petition liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). Still, although the causes of action can broadly be inferred from the Complaint, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV13-0091 DOC (ANx)                         Date: July 1, 2013
                                                                                                                  Page 10

---

       Here, although Microsoft never took physical control over the property, based on the allegations presented by Plaintiff, it did assert "'remote' control" over Plaintiff's computer. Comp. at 1. Furthermore, Defendant's employee(s) placed a password onto the computer, limiting the Plaintiff's full right to use his computer. *Id.* However, Plaintiff consented to the remote access of his computer by Microsoft personnel. Compl. at 1. Additionally, Plaintiff offered full dominion over his computer to Christian, as was demonstrated when he left the computer for several hours, under the remote supervision of Christian. *Id.* Although Plaintiff asserts that he did not consent to a password being placed on his computer specifically, no facts have been presented as to what exactly he did agree to regarding the services. *Id.* at 2. Unlike in *eBay*, where the line between consent and exceeding consent was clear from the fact that eBay actually contacted Bidder's Edge to inform them that their actions were unauthorized, here the Plaintiff has not provided sufficient information regarding the scope of Christian's services, or the interactions between Christian and Plaintiff regarding these services, in order to determine if these services exceeded the consent granted by Plaintiff. The Court is left to speculate as to what exactly the Plaintiff did and did not consent too, as well as to whether or not the wrong which Plaintiff alleges merely arose incidentally out of the act of remote access, which Plaintiff did consent to. From the facts provided by the Complaint, it appears as if the temporary dominion over Plaintiff's computer by Microsoft employees was consented to. This consent necessarily defeats Plaintiff's claims for both conversion and trespass to personal property. Cal. Civ. Code § 3515; *See generally French v. Smith Booth Usher Co.*, 56 Cal. App. 2d at 27-28. As such, the Court need not examine the sufficiency of Plaintiff's claim regarding these intentional torts any further at this time. Therefore, the Court GRANTS Defendant's Motion to Dismiss the Plaintiff's "Intentional Tort" causes of action for conversion and trespass to personal property resulting in property damage.

### IV.     Disposition

       For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's causes of actions for (1) Breach of Contract, (2) Fraud, and (3) "Intentional

---

finds that Plaintiff does not provide the requisite factual background necessary to adequately state a claim under Fed. R. Civ. P. 12(b)(6).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV13-0091 DOC (ANx)            Date: July 1, 2013
                                                                                                        Page 11

Tort," and DISMISSES those claims without prejudice. Plaintiff shall file an amended complaint, if at all, on or before July 23, 2013. In his amended complaint, Plaintiff must allege specific facts that address the defects described in this Order.

       The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                            Initials of Deputy Clerk: jcb